# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Robert C. Brandriff; Kristen E. Brandriff; Richard K. Davenport; Mary E. Davenport ("Plaintiffs"), individually and derivatively on behalf of the Dataw Island Owners' Association, Inc. ("DIOA"); and Robert C. Brandriff; Kristen E. Brandriff; Richard K. Davenport; and Mary E. Davenport, individually and as representatives of a class; | ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No.: 9:07-3361-CWH |
| vs. | ) ) | |
| Dataw Island Owners' Association, Inc, nominal Defendant; Dataw Island Club, Inc.; Bruce "Skip" Adams; George Beck; Victor Brinkman; Colin Collins; Earl Dietz; Merwin "Mer" Grayson; Dan Hopkins; Herb Jarvis; John Mahoney; Colin McArthur; Peter Payne; John Payne; Bob Sanderson; Lee Scher; Deirdre Smith; Bob Spengler; Phil Sutphin; Ray Hoge; Pam Weigand; Jim Smithson; Peter Post; Roger Rittinger; Gabriel Nagy; Bob Albon; Larry Bernard; Harriette Buchanan; Gary Davis; Keith Dixon; Dan Frakes; Jack Hamilton; Jerry Hubbard; Gwen Jordan; Larry Lance; Terry Lurtz; Jim Marks; Jim McCornock; Bob Pogachnick; Bob Tisch; Richard Warden; Tom Fischer; Rick Manzari; Susan Beekman; Timothy McGrath; Joe Foutch; Thomas White; Herman Schmit; D. Pierre Cameron, Jr.; and William Bush; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **ORDER** |
| Defendants. | ) ) | |

On June 30, 2008, the defendants moved to compel the plaintiffs to respond completely

to the interrogatories and requests for production of the defendants.  On September 5, 2008, the Court held a telephone conference to resolve the motion.  During the telephone conference, the Court partially denied the motion to compel of the defendants.[1]  The Court agreed to review *in camera* the documents ("the Barr documents") created by Wendy Barr ("Barr") and Ian Drewett ("Drewett") that are the subject of the request for production.  On August 4, 2008, the plaintiffs moved for a protective order on behalf of Drewett and Barr to protect the Barr documents.[2]

This proposed class action seeks redress for breaches of fiduciary duties, antitrust violations, and other misconduct by two boards of directors and a non-profit golf club located at Dataw Island, a development located in northern Beaufort County, South Carolina.  This lawsuit is a derivative action on behalf of the Dataw Island Owners' Association, Inc. ("DIOA") against the DIOA board members and the Dataw Island Club, Inc. ("DIC") board members who allegedly breached their duties to the association by taking DIOA funds for the benefit of a nearby golf course.  It is also a proposed class action against various defendants who allegedly conspired to injure the DIOA and its members by imposing an illegal tying agreement on all homeowners.

The Barr documents are at issue in these motions.  The Barr documents include materials provided to the counsel of the plaintiffs by Barr and Drewett, who have retained counsel to represent them in connection with claims being brought in this litigation.  Barr and Drewett

---

[1] The Court denied the motion to compel responses to interrogatories 5 and 15, which request the names of individuals and past and present owners at Dataw Island that the plaintiffs know to support their action.

[2] The documents that the defendants are seeking in their request for production are the same documents for which the plaintiffs seek a protective order.  These documents were submitted to the Court for an *in camera* review.

assert that these documents are subject to the work product privilege. Barr and Drewett have been property owners in Dataw Island since 1993 and are members of the owners' association of the class for which this action was instituted. Clearly, Barr and Drewett share a common interest with the plaintiffs, which would place them in a class of people whose documents and other tangible things prepared in anticipation of litigation would be protected from discovery under the work product rule. *See* In re Grand Jury Subpoenas, 902 F.2d 244, 249 (4th Cir. 1990) ("[P]ersons who share a common interest in litigation should be able to communicate with their respective attorneys and with each other to more effectively prosecute or defend their claims.")

The Court has reviewed *in camera* the documents in question and is convinced the same were prepared in anticipation of litigation. The defendants' motion to compel is denied. Furthermore, the plaintiffs' motion for a protective order is denied. In addition to the foregoing, the Court has serious reservations about whether or not the material in question would be discoverable absent the work product rule.

**AND IT IS SO ORDERED.**

_____
**C. WESTON HOUCK
UNITED STATES DISTRICT JUDGE**

September 22, 2008
Charleston, South Carolina